IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM A. MALONE, # B-52858, )<br>)<br>    Plaintiff, )<br>)<br>  vs. )<br>)<br>SGT. LESZCWSKI, )<br>BRENT KLINDSWORTH, C/O BETTS, )<br>GINA ALLEN, KAREN DEEN, )<br>DONALD GAETZ, )<br>SALVADOR A. GODINEZ, )<br>VICKI HUBBARD, LAURA LECRONE, )<br>MARSHA HILL, C/O WEBB, )<br>RANDY DAVIS, C/O WHITEHEAD, )<br>C/O BRYANT, RUNION, WHAL, )<br>CHARLES DINTLEMAN, )<br>TERESA KISRO, SHAW, )<br>CHRISTINE BROWN, JODY GOETTING, )<br>DONNA S. HEIDEMANN, )<br>WEXFORD HEALTH and MEDICAL )<br>SERVICES, )<br>and ILLINOIS DEPT. of CORRECTIONS, )<br>)<br>    Defendants. ) | Case No. 13-cv-38-JPG |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving a life sentence for aggravated criminal sexual assault, in addition to several lesser sentences for other offenses. Plaintiff's complaint consists of sixteen separate claims, none of which are factually related to one another (Doc. 1, pp. 8-9). He includes a total of twenty-four Defendants, and only three of these Defendants are named in connection with more than one claim. Plaintiff's claims, which he presents in nearly chronological order, are as follows:

**Count 1:**  On June 16, 2010, "the facility" took his property without giving Plaintiff a shakedown slip (Doc. 1, p. 8).

**Count 2:**  On June 27, 2010, Defendant Hill (nurse) refused to examine Plaintiff and let him remain in pain.

**Count 3:**   On September 3, 2010, "the facility" failed to inform inmates that the water supply was contaminated.  *Id.*

**Count 4:**  On October 6, 2010, Defendant Whal (doctor) refused to examine Plaintiff and let his pain and condition worsen.

**Count 5:**  On October 11, 2010, Defendants Bryant and Runion (correctional officers) "retaliated" against Plaintiff "by ransacking [his] cell for setting out another inmate they allowed to harass" Plaintiff.  *Id.*

**Count 6:**  On October 31, 2010, Defendant Goetting (correctional counselor), in retaliation for Plaintiff filing a complaint about harassment by a fellow inmate, moved Plaintiff into a cell with the perpetrator.

**Count 7:**  On October 31, 2010, Defendant Heidemann (librarian) posted a news article detailing Plaintiff's case on the bulletin board, which caused him to be harassed and threatened.

**Count 8:**  On November 22, 2010, after Plaintiff filed grievances against Defendants Dintleman (lifestyle redirection coordinator), Kisro (counselor), and Whal (doctor), they authorized other correctional officers to take Plaintiff's wheelchair.  Plaintiff cannot walk and needs the wheelchair for mobility.

**Count 9:**  On December 5, 2010, Defendant Davis (former warden) authorized Defendant Whitehead (correctional officer) to turn down Plaintiff's requests for bed and wheelchair cushions because Plaintiff complained too much.

**Count 10:** On September 26, 2011, Defendants Betts and Webb (correctional officers) refused to allow Plaintiff a "physically challenged" shower after he soiled himself. *Id.*

**Count 11:** On December 6, 2011, and January 1, 2012, Defendants Deen (grievance officer), Gaetz (warden), Godinez (Director of the Illinois Department of Corrections), and Hubbard (counselor) denied Plaintiff's grievances regarding his ADA-related (Americans with Disabilities Act) medical needs.

**Count 12:** On January 30, 2012, Plaintiff was fired from his dietary job "for being ADA" even though he performed all his duties well. *Id.*

**Count 13:** On December 10, 2011, Defendants Shaw (doctor) and Brown (health care administrator) "toyed" with him by pushing his wheelchair up and down the halls, and snatching catheters and Depends (absorbent underwear) out of his reach (Doc. 1, pp. 8-9).

**Count 14:** On June 29, 2012, Defendants Hill and Lecrone (nurses) denied him his medication after seeing Plaintiff hand in a grievance against them for "mistreatment" of his medications (Doc. 1, p. 9).

**Count 15:** On July 30, 2012, Defendant Leszcwski (sergeant) harassed Plaintiff for saying "God is Good" to Christians while Plaintiff waited to enter chapel. *Id.*

**Count 16:** On August 13, 2012, Plaintiff broke a tooth while eating in the chow hall, and Defendants Klindsworth and Betts (correctional officers) would not allow him to go to health care.

The above statements represent the sum total of Plaintiff's allegations; he does not include further factual detail. He seeks compensatory damages and a transfer to a different prison.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of

the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action in **Count 6** against Defendant Goetting for retaliation, in **Count 7** against Defendant Heidemann for creating a threat of harm to Plaintiff, in **Count 8** against Defendants Dintleman, Kisro, and Whal for retaliation, in **Count 9** against Defendants Davis and Whitehead for retaliation, in **Count 12** against the Illinois Department of Corrections ("IDOC") for violation of the Rehabilitation Act (29 U.S.C. §§ 794-94e),[1] and in **Count 14** against Defendants Hill and Lecrone for retaliation. However, the remainder of Plaintiff's allegations in **Counts 1-5, Count 10, Count 13,** and **Counts 15-16** fail to state a constitutional claim upon which relief may be granted, and shall be dismissed as discussed below.

Further, because the surviving claims in Counts 6, 7, 8, 9, 12, and 14 all involve different Defendants, and are factually unrelated, they cannot proceed together in the same action. In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *George,* 507 F.3d at 607 (citing 28 U.S.C. § 1915(b), (g)).

Consistent with the *George* decision and Federal Rule of Civil Procedure 21, the Court shall sever Counts 7, 8, 9, 12, and 14 above into five separate actions. The Clerk shall be directed to open a new case with a newly-assigned case number for each claim. However, Plaintiff shall have an opportunity to voluntarily dismiss any or all of the newly severed cases, if

---

[1] Plaintiff did not reference the Rehabilitation Act in his complaint, but mentioned only the Americans with Disabilities Act ("ADA"). As shall be explained below, Plaintiff fails to state a claim under the ADA, but his factual allegations do, at this early stage of the litigation, indicate that he may have an actionable claim for relief under the Rehabilitation Act. *See Norfleet v. Walker*, 684 F.3d 688 (7th Cir. 2012); *Jaros v. Illinois Dept. of Corr.*, 684 F.3d 667 (7th Cir. 2012).

he does not wish to proceed on those claims or incur the additional $350 filing fee for each case. Count 6 against Defendant Goetting shall remain in this original action.

**Claims to be Dismissed Without Prejudice**

**Count 1** alleges only that unspecified property items were confiscated from Plaintiff. The only constitutional right that might be implicated by these facts is Plaintiff's right, under the Fourteenth Amendment, to be free from deprivations of his property by state actors without due process of law. To state a claim under the due process clause of the Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or property *without due process of law*; if the state provides an adequate remedy, Plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILL. COMP. STAT. 505/8 (1995). This claim shall therefore be dismissed, without prejudice to Plaintiff bringing his claim in state court, should he wish to do so.

The allegations in **Counts 2, 3, 4, 5, 10, 11,** and **16** do not include sufficient facts to enable the Court to discern whether a constitutional violation may have taken place. An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir.

2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Even giving liberal construction to Plaintiff's allegations, *see Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009), the Court finds that these portions of Plaintiff's complaint fail to state a claim upon which relief may be granted, and do not survive review under 28 U.S.C. § 1915A.

Although **Counts 2, 3, 4, 5, 10, 11,** and **16** shall be dismissed, the dismissal shall be without prejudice to Plaintiff re-pleading any of these claims to include additional relevant facts. Plaintiff is **ADVISED**, however, that if he wishes to proceed on any of these dismissed claims, he must file each claim (with the exception of Counts 2 and 4) in a separate complaint, to present each count in a new, separate action. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In addition, each new complaint will be subject to review pursuant to § 1915A, thus Plaintiff may incur a "strike" if he fails to state a cognizable federal claim in any newly filed action. The dismissed claims in Counts 2 and 4 cannot be revived in the present action, but may be joined with two of the claims to be severed.

**Counts 2 and 4:** Plaintiff alleges that Defendants Hill and Whal, in two different incidents, refused to examine him and left him in pain. Defendant Whal's failure to act worsened his condition. However, Plaintiff fails to mention the condition(s) from which he suffered, whether he made Defendants aware of his symptoms, the consequences of Defendants' inaction, or whether/when Plaintiff ultimately received treatment from these Defendants or from other prison staff. "A prisoner's claim for deliberate indifference must establish (1) an objectively serious medical condition; and (2) an official's deliberate indifference to that condition." *Gomez v. Randle,* 680 F.3d 859, 865 (7th Cir. 2012). Counts 2 and 4, as pled, fail to

meet this threshold. If Plaintiff chooses to pursue either of these claims, he may bring the claim against Defendant Hill via a properly filed amended complaint in the case to be severed on Count 14 (in which Hill is also a Defendant). Similarly, the claim against Defendant Whal may be brought through a properly filed amended complaint in the case to be severed on Count 8 (in which Whal is a Defendant). See FED. R. CIV. P. 18(a).

**Count 3:** Plaintiff's allegations regarding the failure to inform him and other inmates about contaminated water fails to identify any responsible Defendant(s), fails to discuss the nature of the contamination or any adverse consequences he may have suffered, and does not mention whether Plaintiff even consumed any contaminated water. As with the medical claims, a claim for unconstitutional conditions of confinement includes both objective and subjective components. The objective condition must result in an unquestioned and serious deprivation of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981). And a prison official must have acted or failed to act in disregard of a substantial risk of serious harm to an inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Plaintiff's brief statement fails to establish either element.

**Count 5:** In this retaliation claim, Plaintiff describes the adverse action perpetrated by Defendants Bryant and Runion (ransacking his cell), but fails to mention any protected activity on his part that might have triggered this alleged retaliation. Where an inmate is alleging retaliation, the inmate must identify the reasons for the retaliation, as well as "the act or acts claimed to have constituted retaliation," so as to put those charged with the retaliation on notice of the claim(s). *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). The Plaintiff must have engaged in some protected First Amendment activity (for example, filing a grievance or otherwise complaining about conditions of confinement), experienced an adverse action that

would likely deter such protected activity in the future, and must allege that the protected activity was "at least a motivating factor" in the Defendants' decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009).  Because Plaintiff does not allege that he engaged in any protected activity in connection with this incident, he falls short of stating a cognizable claim.

**Count 10:**  Plaintiff states merely that Defendants Betts and Webb refused him a "physically challenged" shower, but does not divulge whether he had any alternative means to clean himself, or any other facts about the situation.  As discussed above in Count 3, an Eighth Amendment claim must be based on a "serious deprivation of basic human needs" or a denial of the "minimal civilized measure of life's necessities," *Rhodes*, 452 U.S. at 347, as well as a Defendant's disregard of a substantial risk of serious harm to an inmate's health or safety. *Farmer*, 511 U.S. at 837.  Plaintiff's brief factual allegations are insufficient to state such a claim.

**Count 11:**  The mere denial of grievances by Defendants Deen, Gaetz, Godinez, and Hubbard, does not give rise to a constitutional claim.  *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim"); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995).  In order for a Defendant to be liable, he or she must have been "personally responsible for the deprivation of a constitutional right."  *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).  Further, there is no supervisory liability in a § 1983 action.  *Id.*  Plaintiff's statement in Count 11 fails to indicate any personal involvement on the part of the named Defendants in any conduct which may have violated his constitutional rights.

**Count 12:**  Plaintiff's claim that he was fired from his prison job for "being ADA" may

state a claim under the Americans with Disabilities Act, 42 U.S.C. § 12132, but the meager facts (for instance, Plaintiff does not connect any individual Defendant to his allegations) do not indicate any constitutional violation. The Supreme Court has held that the ADA applies to prisons. *Penn. Dep't of Corr. v. Yeskey,* 524 U.S. 206 (1998). The Court further held in *U.S. v. Georgia*, 546 U.S. 151 (2006), that an inmate may bring a private cause of action for damages pursuant to Title II of the ADA *if* the state actor's conduct also violates the Eighth Amendment.

An inmate does not have a constitutional right to rehabilitative programs or employment in prison. *Garza v. Miller*, 688 F.2d 480, 485-86 (7th Cir. 1982), *cert. denied* 459 U.S. 1150 (1983). Where the facts do not establish a constitutional violation, courts are to determine, claim by claim, whether Congress' purported abrogation of sovereign immunity in the ADA is valid when the challenged conduct violates the ADA but not the Constitution. *Georgia*, 546 U.S. at 159; *see also Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012) (whether state officers are immune from suit under the ADA is an "open question"). Under *Garza*, Plaintiff's firing does not implicate any constitutional right, and the complaint, as pled, does not state a sustainable ADA claim for intentional discrimination. The ADA claim, therefore shall be dismissed without prejudice.

However, the Seventh Circuit has cautioned that claims of discrimination on account of a disability, especially those from *pro se* prisoner litigants, must be analyzed in light of both the ADA and the Rehabilitation Act, whether or not the plaintiff has asserted a claim under the latter statute. *Norfleet*, 684 F.3d at 690. Here, Plaintiff has alleged that he is a person with a disability, who is otherwise qualified to perform his former prison job, and that he was denied access to that job by some representative of the IDOC because of his disability. At the pleading stage, this is sufficient to state a claim under the Rehabilitation Act. *Jaros v. Illinois Dept. of*

*Corrections*, 684 F.3d 667, 672-73 (7th Cir. 2012). As the Seventh Circuit has noted, the potential relief available to Plaintiff under the Rehabilitation Act is coextensive with the relief he might obtain under the ADA. *Jaros*, 684 F.3d at 671.

Accordingly, although the ADA claim in Count 12 shall be dismissed at this juncture, consideration of Plaintiff's claims under the Rehabilitation Act in Count 12 may proceed in the severed case.

**Count 16:** As discussed above in Counts 2 and 4, to sustain a claim for deliberate indifference to a medical need, Plaintiff must plead facts indicating that he suffered from a serious medical condition and that Defendants were deliberately indifferent to the risk of harm to him. A broken tooth may be an objectively serious condition or may amount only to a minor annoyance. However, Plaintiff's complaint does not indicate whether he suffered any pain, what he told Defendants Klindsworth or Betts about his condition, whether he ultimately received treatment, or how long he had to wait to see a medical provider. The paucity of facts does not support a conclusion that a constitutional violation occurred.

**Claims to be Dismissed With Prejudice**

**Count 13** alleges harassment and unprofessional conduct on the parts of Defendants Shaw and Brown. However, Plaintiff does not describe any harm suffered by him, other than to his dignity, as a result of their behavior. *See Dobbey v. Ill. Dep't of Corrections*, 574 F.3d 443, 446 (7th Cir. 2009) ("harassment, while regrettable, is not what comes to mind when one thinks of 'cruel and unusual' punishment"); *Dewalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000).

**Count 15** also alleges harassment by Defendant Leszcwski, which does not amount to a constitutional claim. Accordingly, Counts 13 and 15, and Defendants Shaw, Brown and Leszcwski shall be dismissed from this action with prejudice.

Plaintiff makes no allegations of wrongdoing against Defendants Allen (Administrative

Review Board) or Wexford Health and Medical Services ("Wexford") in the body of his complaint. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Defendant Allen shall be dismissed from the action without prejudice for these reasons.

Even though Wexford is presumably the employer of the medical professional Defendants, this alone does not lead to liability. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the constitutional violation). Nothing in the complaint indicates that the medical Defendants' actions were caused by any policy or practice promulgated by Wexford. Defendant Wexford shall therefore be dismissed without prejudice.

**Disposition**

**COUNTS 13** and **15** are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. **COUNTS 1, 2, 3, 4, 5, 10, 11,** and **16** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. The ADA claim in **COUNT 12** is **DISMISSED** without prejudice.

The Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form and instructions, to aid him should he wish to re-file any of the counts dismissed above without

prejudice.

Defendants **LESZCWSKI, SHAW,** and **BROWN** are **DISMISSED** with prejudice. Defendants **KLINDSWORTH, BETTS, ALLEN, DEEN, GAETZ, GODINEZ, HUBBARD, WEBB, BRYANT, RUNION,** and **WEXFORD HEALTH and MEDICAL SERVICES** are **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's claims in **COUNTS 7, 8, 9, 12,** and **14,** which are unrelated to the retaliation claim in Count 6, are **SEVERED** into five separate new cases. Those new cases shall be:

> 1) Claim against **DEFENDANT HEIDEMANN** for creating a threat of harm to Plaintiff by posting an article about his conviction (Count 7 herein);
>
> 2) Claims against **DEFENDANT DINTLEMAN, KISRO,** and **WHAL** for retaliation (confiscation of wheelchair) (Count 8 herein);
>
> 3) Claims against **DEFENDANTS DAVIS** and **WHITEHEAD** for retaliation (denial of bed and wheelchair cushions) (Count 9 herein);
>
> 4) Claim against the **ILLINOIS DEPARTMENT of CORRECTIONS** for discrimination in violation of the Rehabilitation Act; and
>
> 5) Claims against **DEFENDANTS HILL** and **LECRONE** for retaliation (denial of medication) (Count 14 herein).

The new cases **SHALL BE ASSIGNED** to the undersigned District Judge for further proceedings. In each of the new cases, the Clerk is **DIRECTED** to file the following documents:

> (1) This Memorandum and Order;
> (2) The Original Complaint (Doc. 1);
> (3) Plaintiff's motion to proceed *in forma pauperis* (Doc. 2).

Plaintiff is **ADVISED** that if, for any reason, he does not wish to proceed with any or all of the newly-opened cases, he must notify the Court in writing on or before March 13, 2013, specifying which case(s) he wishes to voluntarily dismiss. Unless Plaintiff notifies the Court that

he does not wish to pursue the newly opened actions, he **will be responsible for an additional filing fee** of $350 in each new case. No fee shall be incurred for any case voluntarily dismissed by Plaintiff. Service shall not be ordered on any Defendants in the severed cases until after the deadline for Plaintiff's response.

      **IT IS FURTHER ORDERED** that the *only claim remaining in this action is COUNT 6 against Defendant Goetting*, for retaliation (placing Plaintiff in a cell with the inmate who harassed him). This case shall now be captioned as: **WILLIAM A. MALONE, Plaintiff, vs. JODY GOETTING, Defendant.**

      **IT IS FURTHER ORDERED** that Defendants **HEIDEMANN, DINTLEMAN, KISRO, WHAL, DAVIS, WHITEHEAD, HILL, LECRONE, and the ILLINOIS DEPARTMENT of CORRECTIONS** are **TERMINATED** from *this* action with prejudice.

      As to **COUNT 6**, which remains in the instant case, the Clerk of Court shall prepare for Defendant **GOETTING:** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

      If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above

or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.

Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  February 6, 2013**

                                          s/J. Phil Gilbert
                                          **United States District Judge**